# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 3, 2024

Lyle W. Cayce
Clerk

_____

No. 24-10084

_____

Elio Cerkezi; Cerkezi Enterprises, L.L.C., *doing business as* Euro Car Tech,

*Plaintiffs—Appellants*,

*versus*

City of Arlington; Rick Ripley; Abelardo Gomez, III; Zac Scott,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-991

_____

Before Jones, Smith, and Ho, *Circuit Judges*.

Per Curiam:[*]

This court has considered this appeal in light of the briefs, record, and counsels' oral argument. We were informed by Rule 28(j) letter dated August 7, 2024, that the City of Arlington amended its Code of Ordinances during

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 24-10084

the course of this appeal to authorize appellant's current business to continue at his location. We reviewed the recordings of official meetings attached to that letter. That Appellant would have to install a fence around some portion of the property was discussed in the meetings, and neither Appellant nor his counsel demurred. Appellant filed no response to the 28(j) letter.

We conclude that the case has become moot, because the circumstances that precipitated Appellant's lawsuit have changed, and the City no longer threatens to oust Appellant from the current location for his auto repair business. Other points raised by the Appellant in brief and in oral argument are speculative or were not raised in the district court. The case is therefore moot.

"A case becomes moot…when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 663, 669 (2013) (internal citation omitted). Mootness deprives a federal court of jurisdiction because it means that there is no live controversy between contending parties. A case may become moot at any time during litigation. *Yarls v. Burton*, 905 F.3d 905, 909 (5th Cir. 2018). Because of the intervening change in the City's zoning law, no judicial remedy can be effected. In deciding that this controversy is moot, we do not prejudice Appellant's right to raise other claims not covered in this case.

Case Dismissed as Moot.